UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Robert Brewer,

      Plaintiff,

          v.                          Civil Action No. 2:16-cv-326-jmc

Nader Hashim,

      Defendant.

## OPINION AND ORDER
(Doc. 36)

On December 9, 2016, Plaintiff Robert Brewer, proceeding *pro se*, filed this action against Defendant Nader Hashim, a Vermont State Police (VSP) trooper, asserting claims under 42 U.S.C. § 1983 for violations of Brewer's constitutional rights, a "computer fraud" claim brought under two federal statutes, and state law claims of fraud and libel. (Doc. 1.) Brewer's claims arose from an April 2013 traffic stop conducted by Hashim of Brewer's vehicle, Hashim's seizure of a handgun found in the glove compartment of the vehicle during the stop, and a subsequent press release about the incident issued by Hashim and the VSP. (*Id.*)

On June 27, 2017, this Court issued an Opinion and Order granting Hashim's Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 33; *see* Docs. 17, 21, 23, 29, 30); and on June 29, 2017, judgment was entered in favor of Hashim and against Brewer (Doc. 34). About a week later, on July 6,

Brewer filed a Motion for Leave to Amend Complaint (hereafter, Motion to Amend), seeking to add the Rutland Herald and the Brattleboro Reformer as defendants; to remove the fraud cause of action; and to add a "'false light' cause of action," a "Second Amendment infringement cause of action," and a claim for "waiver of sovereign immunity on the part of the State of Vermont." (Doc. 36-1 at 4.) On July 21, 2017, while his Motion to Amend was still pending, Brewer filed a Notice of Appeal from the Court's June 27, 2017[1] Opinion and Order. (Doc. 38.)

Given the filing of the Notice of Appeal, it is unclear whether this Court retains subject-matter jurisdiction over Brewer's pending Motion to Amend. *See Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("failure of subject[-]matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*"). Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see Negron v. United States*, 394 F. App'x 788, 792 (2d Cir. 2010); *In re Jones*, 768 F.2d 923, 930 (7th Cir. 1985) ("The filing of the notice of appeal from a final judgment ordinarily divests the district court of jurisdiction over the case and shifts it to the court of appeals; anything the district judge does with the case thereafter, unless and until the case is remanded to him by the

---

[1] Brewer's Notice of Appeal states that the appeal is from the final judgment or an order entered "on the *26th* day of June, 2017" (Doc. 38 (emphasis added)), but the Court presumes Brewer meant to reference the Court's June *27th* Opinion and Order, as the docket shows no order issued on June 26th and the judgment of dismissal, which was issued on June 29, 2017, explicitly references the Court's Opinion and Order that was filed on June 27, 2017 (*see* Doc. 34).

2

court of appeals, is a nullity."). "While the federal rules do permit the district court to 'relieve a party . . . from a final judgment[,]' *see* Fed. R. Civ. P. 60(b), th[e Second C]ircuit has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (quoting *Ryan v. U.S. Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962)); *see Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) (district court lacked jurisdiction to rule on a motion to amend complaint after notice of appeal was filed); *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002) ("[t]he district court could not rule on any motion affecting an aspect of the case that was before [the Second Circuit], including a motion to amend the motion, while that appeal was pending"); *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ 3600(SWK), 2005 WL 3099592, at *3 (S.D.N.Y. Nov. 17, 2005) ("Due to Plaintiffs' recently filed notice of appeal, the Court is currently without jurisdiction to permit an amendment." (footnote omitted)). As Judge Posner explained, the purpose of this divestiture of jurisdiction is "to keep the district court and the court of appeals out of each other's hair." *Jones*, 768 F.2d at 931 (Posner, J., concurring).

Here, as noted above, the Court entered judgment dismissing Brewer's Complaint and terminating the case on June 29, 2017. Brewer thereafter filed his Motion to Amend; and before the Court ruled on that Motion, Brewer filed a Notice of Appeal challenging the judgment of dismissal. Given this sequence of filings—particularly Brewer's filing of a Notice of Appeal before the Court ruled on his Motion to Amend—the Court is

3

divested of jurisdiction to consider Brewer's Motion to Amend unless a statute or rule explicitly reserves jurisdiction in this scenario. *See Lee v. Morial*, 37 F. App'x 88, 2002 WL 971519, at *3 (5th Cir. 2002) ("District courts do not abuse their discretion by denying a motion to amend after the plaintiff has appealed the judgment."). The Second Circuit stated: "It has been held that 'once judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) (quoting *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985)); *see also In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010) ("[t]he filing of an amended complaint is not permissible once a judgment is entered unless the judgment is set aside or vacated"); *Negron*, 394 F. App'x at 793 (recognizing that a habeas petitioner "seeking to amend following the entry of judgment must first have that judgment vacated or set aside by filing a motion under either Fed. R. Civ. P. 59(e) or 60(b)").

Because Brewer appears *pro se*, the Court considers whether a liberal interpretation of his Motion to Amend could result in the retention of jurisdiction in this Court for the purpose of ruling on the Motion. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest" (internal quotation marks omitted)). Under Federal Rule of Appellate Procedure 4(a)(4)(A) and (B)(i), the district court retains jurisdiction over certain timely filed, postjudgment motions—including motions to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and

motions for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)—despite the filing of a notice of appeal before the court's disposal of them. *See id.* at R. 4, Note to Paragraph (a)(4) (1993) ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."); *see also Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 (2d Cir. 2001) ("Where, as here, the notice of appeal is filed prior to the disposition of a postjudgment motion, the notice of appeal 'becomes effective' only upon the district court's disposition of all timely postjudgment motions." (quoting Fed. R. App. P. 4(a)(4)(B)(i))); *id.* at 157 n.4 ("We pause to remind the clerks of the district courts that the filing of a notice of appeal does not divest the district court of jurisdiction to decide any of the postjudgment motions listed in Fed. R. App. P. 4(a)(4)(A), if timely filed. On the contrary, the notice of appeal must be held in abeyance by this Court until all such motions are disposed of, at which point the notice of appeal becomes effective."); *Lowrance v. Achtyl*, 20 F.3d 529, 533 (2d Cir. 1994) ("notice of appeal became a nullity on the filing of the motion for reconsideration if that motion was a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e)").

Accordingly, under Rule 4, this Court could exercise jurisdiction over Brewer's Motion to Amend if it was accompanied by a timely filed motion to amend the judgment pursuant to Rule 59(e) or for relief from the judgment pursuant to Rule 60(b); and if that postjudgment motion was granted. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d

5

Cir. 2011) ("As a procedural matter, '[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b).'" (alterations in original) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008))); *see also Bank of India v. Trendi Sportswear, Inc.*, No. 89-Civ-5996(JSM), 2002 WL 1836754, at *4 (S.D.N.Y. Aug. 12, 2002) ("[o]nce judgment has been entered, a party seeking to amend its pleadings must move to vacate the judgment under Fed. R. Civ. P. Rule 59(e) or Rule 60(b)"). Considering Brewer's *pro se* status, the Court liberally construes Brewer's Motion to Amend as if it either seeks to alter or amend the Court's June 29, 2017 judgment under Rule 59, or seeks relief from that judgment under Rule 60(b).[2] For the reasons explained below, however, Brewer fails to establish that relief is justified under either Rule.

The standard for granting a motion for reconsideration pursuant to Rule 59 is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). A motion for reconsideration

---

[2] The Court could also, once construing Brewer's Motion to Amend as a Rule 60(b) motion to vacate the judgment, exercise its authority to either issue an indicative ruling on the motion or deny the motion under Federal Rule of Civil Procedure 62.1(a). *See Shukla v. Sharma*, No. 07-CV-2972 (CBA)(CLP), 2014 WL 4437278, at *3 (E.D.N.Y. Sept. 9, 2014) ("Courts in this Circuit routinely exercise their authority pursuant to Rule 62.1 to deny Rule 60(b) motions as meritless."). Rule 62.1 provides as follows:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

should be granted "only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *see In re Assicurazioni Generali*, 592 F.3d at 120. It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

Brewer has not identified an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The only possibly material "new evidence" presented in Brewer's Motion is a June 7, 2017 letter from the Section Chief of the FBI's Criminal Justice Information Services Division to Brewer, informing Brewer that "his [FBI] record had been removed to reflect a dismissal of charges that took place on August 3, 2006." (Doc. 36-1 at 10.) As stated in the Court's June 27th Opinion and Order, however, this does not affect the Court's analysis of Brewer's Complaint, as Hashim could not have known about the June 2017 letter when he was performing the vehicle stop of Brewer in April 2013; and Brewer has not indicated where, if anywhere, this alleged "dismissal of charges" was recorded as of the date of the vehicle stop and whether or how Hashim could have known of it at that time. (*See* Doc. 33 at 23.) Brewer's Motion to Amend merely presents new arguments

7

that could have been made earlier and repeats arguments that were previously made and rejected. This is not an appropriate use of a motion for reconsideration, and thus the Court denies relief under Rule 59.

There is also no basis for relief under Rule 60(b), which permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "applying [the judgment] prospectively is no longer equitable" or for "any other reason that justifies relief." Rule 60(b)(5), (6). "Because Rule 60(b) affords 'extraordinary judicial relief[,]' it may be invoked only upon a showing of 'exceptional circumstances.'" *Goldstein v. Hulihan*, No. 09 Civ. 6824(CS)(PED), 2012 WL 1438259, at *6 (S.D.N.Y. Apr. 6, 2012) (quoting *Ruotolo*, 514 F.3d at 16), *report and recommendation adopted*, 2012 WL 1438251 (Apr. 25, 2012). Moreover, motions under Rule 60(b) are committed to the sound discretion of the district court, and "'this discretion is especially broad under subdivision (6), because relief under it is to be granted when 'appropriate to accomplish justice.'" *Shukla v. Sharma*, No. 07-CV-2972 (CBA)(CLP), 2014 WL 4437278, at *3 (E.D.N.Y. Sept. 9, 2014) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977)). The Second Circuit stated: "We have cautioned . . . that Rule 60(b) motions are disfavored, and that Rule 60(b)(6) is properly invoked only when 'extraordinary circumstances' justify relief or 'when the judgment may work an extreme and undue hardship.'" *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (citation omitted) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)).

Here, Brewer seeks relief from the consequences of his deliberate choice of who to include as defendants and which causes of action to plead in this case. He presents no reason why he could not have included the proposed new causes of action when he initially filed the Complaint in this case. With respect to the addition of two newspapers as defendants, Brewer certainly could have included them when he initially filed suit, given that he included them as defendants in his earlier suit involving substantially similar facts, which he filed in the Northern District of New York on July 31, 2014. *See Brewer v. Rutland Herald*, No. 3:14-cv-958 (GLS/DEP), 2016 WL 4435232, at \*1 (N.D.N.Y. Aug. 18, 2016). "Mere dissatisfaction in hindsight with choices deliberately made" is not grounds for relief under Rule 60(b). *Nemaizer*, 793 F.2d at 62. It is clear from the Motion to Amend that Brewer's reason for the proposed amendment is merely to add defendants and claims in an attempt to bolster his chances of succeeding in this litigation. This is not an extraordinary circumstance warranting relief under Rule 60(b). *See Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, 255 F. App'x 593, 595 (2d Cir. 2007) ("New arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief."); *see also United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977) (reiterating "firm belief that courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case"). Furthermore, Brewer has failed to establish that he will suffer an extreme hardship if the Court declines to vacate the judgment dismissing his suit.

## **Conclusion**

For these reasons, Brewer's Motion for Leave to Amend the Complaint (Doc. 36) is DENIED.

Dated at Burlington, in the District of Vermont, this 9th day of August 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge
